# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SONYA GIDDINGS,
                    Appellant,

                    v.

SOCIAL SECURITY
      ADMINISTRATION,
                    Agency.

DOCKET NUMBER
PH-1221-15-0302-W-1

DATE: December 28, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Sonya Giddings</u>, Philadelphia, Pennsylvania, pro se.

<u>Jillian Quick</u>, Esquire, and <u>M. Jared Littman</u>, Esquire, Philadelphia,
      Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  However, based on our review, we VACATE the initial decision and DISMISS the appeal for lack of jurisdiction, finding that the appellant failed to exhaust her remedies with the Office of Special Counsel (OSC).

¶2        The appellant filed a complaint with OSC disclosing that her former supervisor obstructed her right to compete for a Claims Representative position by giving her a bad reference.  Initial Appeal File (IAF), Tab 36.  OSC closed its file on the appellant's complaint, finding that it could not conclude that the information presented by the appellant evidenced a violation of 5 U.S.C. § 2302(b)(4) or any other prohibited activity.  IAF, Tab 38 at 4, Tab 39 at 12.

¶3        While the appellant's complaint was pending before OSC, she also filed an appeal with the Board raising the same matters.  IAF, Tab 1.  The administrative judge found that the appellant made a nonfrivolous allegation that she was not selected for a Claims Representative position in retaliation for her complaint to OSC.  IAF, Tab 41, Initial Decision (ID) at 2.  He found that the Board had jurisdiction over her appeal under the Whistleblower Protection Enhancement Act provision that affords a right to file an individual right of action (IRA) appeal alleging reprisal for, among other things, disclosing information to OSC.  ID at 7; *see* 5 U.S.C. § 2302(b)(8), (b)(9).

¶4        To establish jurisdiction in an IRA appeal, an appellant must show by preponderant evidence that she exhausted her remedies before OSC, and make

nonfrivolous allegations that: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016); *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014); 5 C.F.R. § 1201.57(a)(1), (c)(1); *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). An appellant filing an IRA appeal has not exhausted her OSC remedy unless she has filed a complaint alleging retaliation for a protected activity and seeking corrective action with OSC and either OSC has notified her that it was terminating its investigation of her allegations or 120 calendar days have passed since she sought corrective action. 5 U.S.C. § 1214(a)(3); *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010); 5 C.F.R. § 1209.5(a).

¶5    Here, the appellant's complaint to OSC constituted her protected activity. In other words, she made her disclosure to OSC. To establish jurisdiction over her appeal, she also must show that she filed an additional complaint with OSC alleging retaliation for that protected activity and seeking corrective action, in other words, that she filed a retaliation complaint. The legislative history of the Whistleblower Protection Act reflects Congress's intent that OSC be allowed time to settle cases informally and actively investigate complaints on behalf of individuals alleging retaliation for protected activity. *Morrison v. Department of the Army*, 77 M.S.P.R. 655, 661 (1998) (citing S.Rep. No. 413, 100th Cong., 2d Sess. 19 (1988)). The administrative judge issued a jurisdictional order notifying the appellant of the exhaustion requirement to establish jurisdiction over her appeal. IAF, Tab 34. The record, however, contains no evidence showing that the appellant filed a complaint with OSC alleging retaliation for her disclosure and that OSC notified her that it was terminating the investigation into

her complaint of retaliation or 120 days had passed since she sought corrective action.

¶6    Seeking corrective action with OSC is an important statutory prerequisite to filing an IRA appeal with the Board.  *See* 5 U.S.C. § 1214(a)(3); *see also Serrao v. Merit Systems Protection Board*, 95 F.3d 1569, 1578 (Fed. Cir. 1996).  Here, the appellant has not proven that she sought corrective action with OSC regarding her claim of retaliation for making a protected disclosure to OSC through its disclosure complaint process.  Absent such proof of seeking administrative remedy, the Board lacks jurisdiction over this IRA appeal.  *See Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 10 (2014).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this

order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.